THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH OWENS, Appellant.

*Excise Law — person presumed not to have violated it — failure of proof.*

A person charged with violating the Excise Law is presumed to be innocent until proof of his guilt is furnished, and this is not accomplished by showing that bottles, bearing labels which indicated that they contained spirituous liquor, were found standing unused behind the bar of a saloon.

The fact that when an officer reached a liquor store, upon Sunday, he found the door closed and fastened, obtained entrance through a window, found three men within besides the proprietor, and that there were two glasses upon the bar, unaccompanied by any proof that any liquor was in the glasses or was sold or given away, will not justify a finding that the proprietor had violated the Excise Law.

APPEAL by the defendant, Joseph Owens, from a judgment of the Court of Special Sessions of the city and county of New York, rendered on the 5th day of August, 1895, convicting him of the crime of exposing intoxicating liquors for sale on Sunday.

*Emanuel M. Friend* and *Charles Cohn*, for the appellant.

*John D. Lindsay*, for the respondent.

PER CURIAM:

By the judgment of the court the defendant was convicted of a violation of that provision of the Excise Law which declares it to be a misdemeanor for "any person who, whether having a license or not, shall sell or offer or expose for sale, or give away any strong or spirituous liquors, wines, ale or beer: (1) On Sunday." (Laws of 1892, chap. 401, § 32.) The evidence upon which conviction was based was furnished by a police officer who testified that on June 30, 1895, he visited a liquor store in which the defendant was at the time, with his sleeves rolled up and an apron on. When the officer reached the premises the door was closed and fastened, but he obtained entrance through a window, and found within three men besides the defendant, the latter being behind the front bar, back of which was the back bar, which contained glasses and labeled bottles such as are usually found in such places. Upon the front bar there were two glasses.

To the question, " What was in them?" he answered, " They were removed before I could get to the bar." To the further question, " Something in them?" he replied, " Yes, sir; a small quantity of liquor." It is evident from the testimony which preceded the last answer, as well as that which followed it, that this was a mere guess on the part of the officer. He saw nothing poured into the glasses; they were removed before he reached the bar, and he did not examine them afterwards for the purpose of ascertaining whether they contained liquor. The fact that bottles bearing labels indicating that they contain spirituous liquors are stationed in their usual places upon a back bar is not of itself sufficient to support a conviction for a violation of the statute.

For such a fact standing alone will not support a finding that the owner or person in charge was selling, or offering or exposing for sale, any part of the contents of such bottles. A person charged with violating the Excise Law, like all other alleged offenders against the law, is presumed to be innocent until proof of his guilt is furnished. And this is not accomplished by showing that the bottles were standing unused behind the bar. As there is no proof that any of the contents of the bottles was either sold or given away, it was necessary to prove other facts and circumstances in order to support a finding that their exposure was for the purpose of sale.

There were three persons in the store, the doors of which were fastened, but whether they were customers of the store or friends of the defendant does not appear, nor were they seen to drink anything whatever. It does not appear that the two glasses on the bar were put there for their use, or had been used by either of them, nor whether they had contained spirituous liquor of any character. The evidence, therefore, was insufficient to justify a finding by the court that the defendant had violated the statute as charged in the complaint, and he should have been discharged.

The judgment of conviction should be reversed and a new trial granted.

Present — VAN BRUNT, P. J., and PARKER, J.

Judgment reversed and new trial granted.